**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Martin Arnaudov, et al., | No. MC-16-00085-PHX-MTL |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| California Delta Mechanical Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Magistrate Judge Michael T. Morrissey's Report and Recommendation ("R&R") (Doc. 43).[1] Also pending before the Court are Plaintiffs/Judgment Creditor's Motion to Strike (Doc. 63) and Todor Kitchukov/Judgment Debtor's Motion to Certify Question to the Arizona Supreme Court (Doc. 65). The Court rules as follows.

**I.    BACKGROUND**

This case originated in the U.S. District Court for the Northern District of California. (Doc. 1 at 1.) Plaintiffs ("Judgment Creditors") sued Todor Kitchukov, as President and CEO of California Delta Mechanical, Inc., for violations of the Fair Labor Standards Act ("FLSA") and the California Labor Code. *Arnaudov v. California Delta Mech., Inc.*, No. 13-CV-02306 NC, 2013 WL 4082310, at *1 (N.D. Cal. Aug. 9, 2013).[2] The parties reached

---

[1] Both parties have fully briefed the issues and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b). Moreover, Judgment Debtor and Judgment Creditors appeared before the Magistrate Judge for oral argument in the garnishment hearing. (Doc. 32.)

[2] Judgment Creditors have filed a request for this Court to take judicial notice of the (1)

a settlement agreement in 2015, and the California District Court entered a judgment against Kitchukov ("Judgment Debtor") personally in the amount of $1,563,343.61. (Doc. 1 at 1–3.) In October 2016, the Plaintiffs registered the judgment with the District of Arizona under 28 U.S.C. § 1963. (Doc. 1, Doc. 1-1).

In January 2021, the Judgment Creditors requested that the Court issue several Writs of Garnishment in their favor. (Docs. 2, 4, 6, 8, 10, 12, 14, 16.) The Clerk of Court issued the Writs (earnings and non-earnings). (Docs. 3, 5, 7, 9, 11, 13, 15, 19.) Six of the seven non-earning garnishees subsequently answered or notified the Judgment Creditors that they did not hold personal property belonging to the Judgment Debtor. (Docs. 20–23, 25.) Only one non-earning garnishee, Comerica Bank, answered that it owed the Judgment Debtor $9,195.38; it withheld $8,795.38 pursuant to the Writ.[3] (Doc. 25.) Judgment Debtor filed an Objection and Request for Hearing on Garnishment. (Doc. 28.) Judgment Debtor argued that the Comerica Bank account was community property, held by both Judgment Debtor and his wife, Marianna Kitchukov. (*Id.*)

## II. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). When reviewing a Magistrate Judge's Report and Recommendation, the Court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th

---

Complaint and (2) amended Complaint in the California action, (3) the California Superior Court docket, (4) an Arizona Superior Court minute entry, (5) a Deed of Trust filed in Nevada, (6) pleadings in a related Nevada case, and (7) Delta Mechanical Inc.'s annual report. (Doc. 57.) The Judgment Creditors do not indicate why the Court should take judicial notice of these documents beyond the fact that they are matters of public record. (*See id.* at 2–3.) The Court has discretion to take judicial notice of facts not subject to reasonable dispute, *United States ex rel. Hong v. Newport Sensors, Inc*, 728 F. App'x 660, 661 (9th Cir. 2018), but declines to do so here.

[3] Delta Mechanical, an earning garnishee, also answered that it employed the Judgment Debtor and the total amount owed to the Judgment Creditors is $1,220,191.42. (Doc. 54 at 2).

Cir. 1983)).

**III.     ANALYSIS**

    **A.     Procedural History of the R&R**

The Magistrate Judge held a garnishment hearing in February 2021 and issued a Report and Recommendation ("R&R") recommending overruling Judgment Debtor's objection to the Writ of Garnishment issued pertaining to the Comerica bank account . (Doc. 32, Doc. 43 at 1, 3, *see also* Doc. 5.)  Judgment Debtor's argument was that the bank account is held jointly by both him and his spouse, Mariana Kitchukov ("Spouse"), as community property, and under Arizona law, the account cannot be garnished.  (Doc. 43 at 1.)

After considering the parties' position statements and arguments at the hearing, the Magistrate Judge concluded that Ninth Circuit precedent supports overruling Judgment Debtor's objection.  (*Id.* at 2–3.)  The Magistrate Judge concluded that *Gagan v. Sharar*, 376 F.3d 987 (9th Cir. 2004) is directly on point, because in both cases, a judgment from another judicial district was registered in Arizona pursuant to Section 1963, only one spouse was named in the initial action, and the Judgment Creditors could not have sued the other spouse in the underlying action.  (*Id.* at 4.)  The Magistrate Judge was unpersuaded by Judgment Debtor's efforts to distinguish *Gagan* and thus concluded that Judgment Creditors did not voluntarily omit Spouse from the California action; in fact, including Spouse in the original action would have invited Rule 11 sanctions against Judgment Creditors (the "Catch-22" scenario described in *Gagan*).  376 F.3d at 990, *see 11601 Wilshire Assoc. v. Grebow*, 64 Cal. App. 4th 456 (Cal. Ct. App. 1998); *see also Reynolds and Reynolds Co. v. Universal Forms, Labels & Syst., Inc.*, 965 F. Supp. 1392, 1395 (C.D. Cal. 1997).  (Doc. 43 at 5.)  Moreover, the Magistrate Judge found that Judgment Debtor identified no tangible, material harm to Spouse from the Judgment Debtor's litigation in California, nor any defect with the judgment under California law, and Spouse waived the right to contest notice of the California action at the Garnishment hearing.  (*Id.* at 6.)  As such, Spouse's due process rights were not violated by Judgment Debtor's representation

of the community. (*Id.* at 5–6.) The objection is fully briefed.[4]

Judgment Debtor argues (1) the R&R conflates Spouse's consent to proceed with the garnishment hearing with a waiver to be heard in the California action; (2) Judgment Creditors could have and should have added Spouse to the California action; and (3) A.R.S. § 12-544(3) bars the enforcement of the action against Spouse and the community. (Doc. 55.) Spouse likewise filed an objection (Doc. 73) which is also fully briefed. The Court reviews *de novo* the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1).

**B.    Spouse's Consent**

Judgment Debtor first argues that the R&R conflates Spouse's consent to proceed with the garnishment hearing with a waiver of her right to be heard in the 2013 California action. (Doc. 55 at 2–3.) He contends that the Magistrate's question of whether Spouse "has had notice of these proceedings" and counsel's affirmative response was a miscommunication; instead, Spouse only intended to consent to proceed with the 2021 garnishment hearing. (Doc. 55 at 3.) But the transcript, in context, contradicts this position, and shows that Spouse knew or should have known the full scope of her consent. (Doc. 46 at 4.) At the hearing, the Magistrate Judge stated:

> THE COURT: Okay. So one of my questions at the outset has been whether or not Mrs. Kitchukov has had notice of these proceedings, because in the creditor's statement they indicate that Mrs. Kitchukov regularly accompanied Mr. Kitchukov to *proceedings in California*, which is interesting but not necessarily dispositive of notice. . . . So is Miss – is it your position that Miss Kitchukov has had notice of this?
>
> . . .
>
> MR. MAEROWITZ: I appeared on behalf of Mrs. Kitchukov back in 2006 and 2007. When this case was brought to me, apparently the only – the briefing asked for Todor Kitchukov, so I got permission from Mr. Kitchukov to raise the issues on behalf of the wife. So in reality – so we will not object that she did not get notice, because *I would have been her counsel*. I

---

[4] Judgment Debtor filed a reply (Doc. 60), though one is not provided for under Rule 72, without leave of the Court. *See* Fed. R. Civ. P. 72(b)(2). Judgment Creditors filed a motion to strike the reply. (Doc. 63.) Judgment Debtor argues that he had good cause to file a reply, given the "misunderstanding of events and arguments raised in the Objection." (Doc. 66 at 2.) Though the Judgment Creditors are correct that a reply is generally not permitted in this situation (*see* Doc. 43 at 7), in the Court's discretion, the Motion to Strike is denied.

|   |   |
|---|---|
| 1 | would have appeared on her behalf. |
| 2 | . . . |
| 3 | THE COURT: Okay. And I don't want to put anybody on the spot, but it's going to expedite these proceedings significantly if I don't have to set a second hearing where we would know whether or not Mrs. Kitchukov wished to intervene. So, Mr. Maerowitz, can you confer with your client? Because if it's acceptable to them, I am going to ask Mrs. Kitchukov to confirm that she has had notice . . . |
| 7 | MR. MAEROWITZ: Yes. That's one of the reasons we asked her to be here, because we realized that there was that procedurally. . . . I confirmed with my client, and if you'd like my client – Mrs. Kitchukov can state that we're prepared to waive notice, and that I have authority to raise arguments on her behalf also. |
| 10 | THE COURT: Okay. Mrs. Kitchukov, is that accurate? |
| 11 | MRS. KITCHUKOV: Yes. |

(Doc. 46 at 4:13–6:9) (emphasis added).

Counsel for Spouse and Judgment Debtor submitted a declaration stating that he believed the foregoing exchange to apply only to the Garnishment Hearing held that day. (Doc. 55-3.) But here, the counsel referenced his representation of Spouse dating back to 2006 and 2007 (a decade before the conclusion of the California litigation, and 15 years before the date of the Garnishment Hearing), and the Magistrate Judge explicitly tied "these proceedings" to the "proceedings in California" which would be "interesting but not necessarily dispositive of notice" (Doc. 46 at 4:14–18). In the context that Judgment Debtor now posits—the Spouse waived her consent only to proceed with the 2021 garnishment hearing—the above conversation does not make sense. The Court therefore rejects the objection and adopts the R&R's conclusion that the Spouse waived the right to contest notice of the California action at the garnishment hearing. (Doc. 43 at 6.)

Moreover, under Arizona and federal law, a non-party spouse must be given an opportunity to challenge the enforcement of the judgment against the community assets in Arizona. *Gagan*, 376 F.3d at 992; *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Greene*, 195 Ariz. 105, 11, ¶ 23 (App. 1999). As such, the Court notes that Spouse has entered a

motion to intervene in this case (Doc. 59) which has been granted (Doc. 71), personally appeared at the garnishment hearing (Doc. 46) and filed multiple motions and objections to this litigation (Docs. 72, 73).  Thus, her opportunity to challenge the enforcement of the judgment against the community has been adequately achieved.

### C. Adding Spouse to California Action

Judgment Debtor and Spouse both argue that A.R.S. § 25-215(D) requires Spouse to be "joined and given the opportunity to defend" the California action.  (Doc. 55 at 7, Doc. 73 at 8) Additionally, they argue that garnishment violates Spouse's substantive due process rights.  (Doc. 55 at 7.)

The Magistrate Judge concluded Judgment Creditors demonstrated "a Catch-22" situation, whereby asserting spousal liability in the underlying California case would have invited Rule 11 sanctions under California law, but omitting the spouse violates A.R.S. § 25-215(D).  (See Doc. 43 at 4–5, referencing *Gagan*, 376 F.3d at 987.)  Judgment Debtor asserts that Spouse could have been added to the underlying California suit using the procedure outlined in *Reynolds and Reynolds*, 965 F. Supp. at 1397–98.  (Doc. 55 at 3–4). Judgment Creditors contend first that *Gagan* applies even when the Catch-22 situation does not exist, but nonetheless, this is a Catch-22 situation as contemplated by *Gagan*.  (Doc. 56 at 7.)

Under A.R.S. § 25-215, when a spouse has acted for the benefit of the community and therefore incurred a debt, "the spouses shall be sued jointly," and the debt shall be satisfied out of the community property.  A.R.S. § 25-215(D).  In contrast, under California law, it is generally not necessary to name both spouses in litigation in order to bind the community estate.  *Reynolds and Reynolds*, 965 F. Supp. at 1396.  Though it is "permissible" to name non-wrongdoing spouses solely as representatives of the community estate, which would then allow the court to dismiss those spouses, as the Judgment Debtor suggests, it is not *necessary* to join non-wrongdoing spouses for litigation in California to proceed.  *Id.* at 1396–97; *see also* Cal. Fam. Code § 910 ("[T]he community estate is liable for a debt incurred by either spouse before or during marriage . . . regardless of whether

one or both spouses are parties . . . to a judgment for the debt.")

Moreover, Spouse had every right to join the California action, either cooperatively or by moving to intervene. *See Stuart v. City of Scottsdale*, No. CV-20-00755-PHX-JAT, 2021 WL 3675220, at *5 (D. Ariz. Aug. 19, 2021). Spouse does not argue that she was unaware of the California action, but rather, she argues that she was unaware of the specific issue of the marital community's liability in the California action. (Doc. 73 at 4.) She contends that she had "no knowledge of the need to defend the community" because "all discussions, documents, and agreements pertained to [Judgment Debtor] individually." (Doc. 73 at 5.) But this argument is unconvincing—Judgment Debtor makes no assertions that he litigated the California action using only separate property, nor does Spouse. (*See id.*) Moreover, Spouse's—and therefore, the community's—interest in the outcome of the California action was the same as Judgment Debtor's, which is the success or failure of the claims broadly. *Oyakawa v. Gillett*, 175 Ariz. 226, 229 (App. 1993) ("No evidence suggests that [Judgment Debtor] failed to protect any community interests or that his interests were so unrepresentative of the community's interest that the judgment unfairly harmed the community.").

Finally, Judgment Debtor and Spouse argue that *C & J Travel Inc. v. Shumway*, 161 Ariz. 33 (App. 1989) is the controlling case, and *Gagan* is not applicable. (Doc. 55 at 8.) As an initial matter, *Gagan*, 379 F.3d 987 (9th Cir. 2004) is binding precedent on this Court, while *Shumway* is not.

The crux of Judgment Debtor's argument regarding *C & J Travel* is that its holding must apply when "a creditor seeks to enforce a foreign judgment against a spouse who was not named in the foreign action ***and*** was a resident of Arizona at the time the judgment was entered." (Doc. 55 at 8, emphasis in original.) While Judgment Debtor is correct that in *C & J Travel*, the Spouse was not a party to the foreign action, nowhere in the opinion does the court discuss Mrs. Shumway's residency at the time the judgment was entered, let alone rely on her residency as part of its analysis. *See* 161 Ariz. at 34–35 (explaining that "although Robin Shumway was not a party to the New Hampshire judgments filed in

Arizona, she was married to David Shumway when the creditors' cause of action arose and the judgments were obtained in New Hampshire").

But unlike *C & J Travel*, the *Gagan* Court specifically noted that the Judgment Debtor and Spouse in that case "lived in Arizona at all relevant times." 376 F.3d at 989 (punctuation omitted). Therefore, *Gangan* is even more applicable than *C & J Travel* by Judgment Debtor's own standard. Accordingly, under that standard, and as the Magistrate Judge found:

> a federal judgment from a district other than the District of Arizona, registered under § 1963, in which only one spouse was named in the underlying action, may nevertheless be executed on the community property of both spouses, in Arizona, if the judgment is for a community obligation, despite failure to name the other spouse in the action filed outside Arizona.

*Gagan*, 376 at 992. Judgment Debtor and Spouse's objections are overruled.

### D.     A.R.S. § 12-544(3)

Judgment Debtor raises an argument, for the first time in his Objection to the R&R, that Arizona requires foreign judgments to be enforced within a four-year period. (Doc. 55 at 6, Doc. 73 at 9–10.) Because this argument was not raised before the Magistrate Judge, the Court will exercise its discretion and not consider it. *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) ("To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court.") *Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., Inc.*, 747 F.Supp. 1299, 1302 (S.D. Ill. 1990) ("[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.")

### F.     Motion to Certify Question

Judgment Debtor and Spouse move to certify a question to the Arizona Supreme Court that they define as: "Whether a foreign judgment entered against one spouse may be

satisfied from community assets?" (Doc. 65 at 1–2, Doc. 72.) The Court may use its discretion to make a certification decision. *See White v. Celotex Corp.*, 907 F.2d 104, 106 (9th Cir. 1990). If the Court chooses to rule it "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Arizona Elec., Power Coop. v. Berkeley*, 59 F.3d 988, 991 (9th Cir.1995). Therefore, the Court looks to factors such as the complexity of the issue, the availability of precedent from lower courts or other jurisdictions, and the magnitude of disagreement on the issue to determine whether certification is appropriate. *See id.*; *Rigden v. United States*, 795 F.2d 727, 735 n.6 (9th Cir. 1986).

Certification is not necessary in this case because a number of Ninth Circuit, District of Arizona, and Arizona Court of Appeals cases guide this Court's analysis. *See Gagan v. Sharar*, 376 F.3d 987 (9th Cir. 2004); *Stuart v. City of Scottsdale*, No. CV-20-00755-PHX-JAT, 2021 WL 3675220 (D. Ariz. Aug. 19, 2021); *Oyakawa v. Gillett*, 175 Ariz. 226 (App. 1993); *Nat'l Union Fire Ins. Co. v. Greene*, 195 Ariz. 105 (App. 1999). Moreover, the enforceability of an out-of-state judgment against a non-debtor spouse is not a complex issue. As such, Judgment Debtor's Motion for Certification is denied.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 43) is **accepted**, accordingly, Judgment Debtor's objection to the Writ of Garnishment (Doc. 5) as to Comerica Bank is **overruled.**

**IT IS FURTHER ORDERED denying** Plaintiffs' Motion to Strike (Doc. 63.)

**IT IS FURTHER ORDERED denying** Plaintiffs' Request for Judicial Notice. (Doc. 57.)

**IT IS FINALLY ORDERED denying** Todor Kitchukov's Motion to Certify Question to the Arizona Supreme Court (Doc. 65) and Mariana Kitchukov's Joinder in the same (Doc. 73).

Dated this 26th day of January, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge