**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Arnaudov, et al., | No. MC-16-00085-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| California Delta Mechanical Incorporated, et al., | |
| Defendants. | |

In this miscellaneous action, Plaintiffs (the "Judgment Creditors") seek to register a foreign judgment. Pending before the Court are two motions: a Motion for Judgment/Application for Garnishment (Doc. 81) and a Motion to Stay (Doc. 78). The Court rules as follows.

**I.     Background**

The Court has previously set forth the complicated procedural background of this case. (Doc. 78 at 1–2.) As relevant here, Judgment Creditors sued Todor Kitchukov in the Northern District of California for violations of the Fair Labor Standards Act. (Doc. 1.) The parties reached a settlement agreement in 2015, prompting the California District Court to enter a judgment against Todor Kitchukov ("Judgment Debtor") personally for more than $1.5 million. (Doc. 1 at 1–3.) In 2016, the Judgment Creditors registered the judgment here in District of Arizona, and five years later, they sought writs of garnishment against several earnings and non-earnings entities. (Doc. 1-1, Docs. 2, 4, 6, 8, 10, 12, 14, 16.) Comerica Bank answered that it held $9,195 of Judgment Debtor's

money. (Doc. 25.) Delta Mechanical, an earnings garnishee, also answered that it employed the Judgment Debtor and the total amount owed to the Judgment Creditors is $1,220,191.42. (Doc. 54 at 2.)

A Magistrate Judge held a garnishment hearing to address, in part, Judgment Debtor's argument that the Comerica bank account is community property, held by himself and his wife, Marianna Kitchukova ("Wife"). (Doc. 39 at 2–3, Doc. 42.) In January 2022, the Court accepted the Magistrate Judge's Report and Recommendation—over the objections of Judgment Debtor and Wife. The Court applied *Gagan v. Sharar*, 376 F.3d 978 (9th Cir. 2004), and found that the foreign judgment entered against Judgment Debtor may be executed on the community property of both spouses in Arizona, "despite failure to name the other spouse in the action filed outside Arizona." *Gagan*, 376 F.3d at 992. Moreover, Wife's intervention, personal appearance and representation in the garnishment hearing, and multiple objections and motions in the litigation satisfied the requirement that she had opportunity to challenge the enforcement of the judgment against the community assets in Arizona. (Doc. 78 at 5–6.)

The next day, the Court entered a Writ of General Execution to the State of Arizona against Judgment Debtor. (Doc 79.) Simultaneously, the Court entered an Order of Continuing Lien against Judgment Debtor's nonexempt earnings by employer Delta Mechanical. (Doc. 80.) Then, in February 2022, within the span of one week, Judgment Creditors filed a Motion for Judgment Application for Garnishment. (Doc. 81.) Judgment Debtor and Wife filed a timely notice of appeal (Doc. 83), a Motion to Stay (Doc. 85), and a Motion for Expedited Hearing (Doc. 86).

**II.  ANALYSIS**

Judgment Debtor and Wife assert they are entitled to a stay as a matter of right under Rule 62(b) because they are "appealing the validity of a money judgment" and willing to "post[] a supersedeas bond." (Doc. 85 at 2.) Rule 62 provides "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). But the applicability of Rule 62(b) hinges on the Court

entering a "judgment" and the party requesting the stay taking an appeal from that "judgment." *Id.*; *see also American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 87 S.Ct. 1, 3 (1966) (holding "a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62"). The Court's Order in this miscellaneous action—from which Judgment Debtor and Wife now appeal—was not a judgment as contemplated by Rule 54.[*] (Doc. 78.) *See* Fed. R. Civ. P. 54(a); *see Hoffart v. DWD Contractors, Inc.*, No. 3:12-MC-00395-SI, 2013 WL 11232320, at *3 (D. Or. July 10, 2013), aff'd, 594 F. App'x 929 (9th Cir. 2015) (concluding that the court shall not enter a judgment in an action filed as a miscellaneous case); *Boosalis Options, LP v. Farnbacher Loles Motorsports, LLC*, No. C 09-80316 WHA, 2010 WL 335651, at *1 (N.D. Cal. Jan. 22, 2010) (denying application for entry of judgment in a miscellaneous action).

Judgment Debtor and Wife also insist that Rule 62(f) requires the Court to quash the judgment liens against them upon posting of a supersedeas bond (Doc. 95 at 3), but even a cursory review of case law reveals their position is legally untenable. Under Rule 62(f), "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f). From this rule, Judgment Debtor and Wife invoke Arizona Rule of Civil Appellate Procedure 7(b)(3): "If another party has recorded a judgment lien before the supersedeas bond is filed, that party must promptly record a release of the lien." ARCAP 7(b)(3). Therefore, they assert, Rule 7(b)(3) "require[s]" Judgment Creditors to release their judgment liens. (*Id.*)

But Rule 62(f) does not apply if a judgment creditor must take further action on a judgment before the lien arises under the state's law. *Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc.*, 40 F. Supp. 2d 1141, 1143 n.2 (C.D. Cal. 1999) (finding Fed. R. Civ. P. 62(f) did not apply "Because California is not a state in which a judgment is automatically a lien upon the property of the judgment debtor"); *Mueller v. Dep't of Pub.*

---

[*] The Court of Appeals noted in its docket at Doc. 2 that this Court did not enter a judgment. *See Arnaudov et al. v. Kitchukov et al.*, 22-15327 (9th Cir.) at Doc. 2.

*Safety*, No. CV 17-00571 HG-WRP, 2022 WL 614983, at *2 (D. Haw. Mar. 2, 2022) (citing *Ribbens Int'l*, 40 F. Supp. 2d at 1143) (concluding that because Hawaii statutory procedures require "additional steps for a judgment to become a lien against real property," the exemption requirements of Rule 62(f) are not met); *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1026 (N.D. Cal. 2012) (maintaining that the act of recording or filing a judgment to transform it into a lien bars the application of Rule 62(f)); *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17–18 & n.5 (1st Cir. 2002) (finding Rule 62(f) to be inapplicable because of Puerto Rico law requiring steps to obtain judgment lien); *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1329 (M.D. Fla. 2011) ("Put plainly, if a judgment is not 'in and of itself' a lien on property, Rule 62(f) is inoperable.").

Obtaining a judgment lien in Arizona requires several steps. A.R.S. §§ 33-961, 33-964, 33-967. These steps are not "merely ministerial." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2016 WL 3345481, at *3 (D. Ariz. June 16, 2016) (finding that the judgment lien registration statutes under Arizona law are not "merely ministerial" and therefore finding Rule 62(f) does not apply); *see also Marandino v. D'Elia*, 151 F.R.D. 227, 229 (D. Conn. 1993) (concluding that "[p]repar[ing] a judgment lien certificate and fil[ing] such certificate in the specific land records where the debtor's property is located" is more than a "ministerial act" and thus precludes the application of Rule 62(f)). Accordingly, Rule 62(f) is inoperable here.

Even setting aside the inapplicability of Rule 62(f), "a pre-bond levy is not automatically extinguished by operation of law upon the Court's approval of Rule 62(d) supersedeas bond." *Khan v. Shamrock Partners, Ltd.*, 292 F. App'x 604, 607 (9th Cir. 2008) (quoting *Ribbens Int'l, S.A. de C.V.*, 40 F. Supp. 2d. at 1145–46) (internal quotations omitted) (referring to a prior version of Fed. R. Civ. P. 62(d), which has been reorganized and edited to be Fed. R. Civ. P. 62(b)).

To the extent that Judgment Debtor and Wife's argument rests on their willingness to post a bond to invoke a Rule 62(b) stay of enforcement of the judgment issued by the

- 4 -

Northern District of California while their appeal of this Court's Order is pending with the Ninth Circuit (*see* Doc. 85 at 1–2), the Court does not have authority to take such a drastic action. Judgment Debtor and Wife provide no authority that this miscellaneous action is governed by the Federal Rules of Civil Procedure at all. (*See id.*) To that end, it is not clear whether the Federal Rules of Civil Procedure are even applicable to a miscellaneous action arising in the District of Arizona. *See, e.g.*, *Middleton v. Wells Fargo Bank, N.A.*, No. 219CV00348APGVCF, 2019 WL 3400630, at *3 (D. Nev. July 26, 2019) (applying the Fed. R. Civ. P. to a registration of foreign judgment action in Nevada); *but see Guancione v. Stumpf*, No. 2:10-CV-1123 JAM DAD, 2011 WL 4374989, at *2 (E.D. Cal. Sept. 19, 2011) (determining that a registration action met neither the Fed. R. Civ. P. requirements to be a civil action nor the separate requirements to qualify as a foreign judgment that could be registered in California). Accordingly, to the extent Rule 62 applies to the judgment issued by the Northern District of California (filed in this Court at Doc. 1), the Court holds that Rule 62 applies in the Northern District of California—the issuing court.

In other words, Judgment Debtors could not have waived their appeal of the judgment in California, waited until Judgment Creditors filed the notice of foreign judgment here in Arizona at Doc. 1, and then at Doc. 2 filed a notice of appeal of the California judgment and posted a bond to stay enforcement under Rule 62. Thus, application of Rule 62 in *this* Court must stem from a judgment issued by *this* Court. A motion to modify or annul the judgment must be presented to the court that rendered the judgment. *Bumgardner v. Kupka*, No. S06MC0061WBS PAN EFB, 2006 WL 2666078, at *1 (E.D. Cal. Sept. 15, 2006), report and recommendation adopted, No. CIVS06 2205 WBS PAN, 2006 WL 2864638 (E.D. Cal. Oct. 5, 2006); *see also First Beverages, Inc. v. Royal Crown Cola Co.*, 612 F.2d 1164, 1172 (9th Cir. 1980); *Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000). The same logic extends to motions to stay the judgment brought under Rule 62. Accordingly, the Court finds that the automatic stay (upon the posting and approval of a

bond) available under Rule 62 is not available to Judgment Creditors in this action based on the judgment filed in this Court's docket at Doc. 1.

Judgment Debtor and Wife also object to the application for garnishment to Comerica Bank. (Doc. 89.) They argue that their appeal entitles them to a stay on the execution of the California judgment under Rule 62. (Doc. 89 at 2.) But for reasons explained above, Judgment Debtor and Wife are not entitled to a stay under Rule 62. Therefore, there being no just reason for delay, the Court will enter the writ of execution in favor of Judgment Creditors to Comerica Bank.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED denying** Todor Kitchukov and Mariana Kitchukova's Motion to Stay. (Doc. 85.)

**IT IS FURTHER ORDERED** that Garnishee Delta Mechanical shall release the wage garnishment funds it holds pursuant to Doc. 80 into Judgment Creditors' counsel's trust account.

**IT IS FURTHER ORDERED** that the Order of Continuing Lien (Doc. 80) remains in effect during the pendency of the Judgment Debtor's appeal to the Ninth Circuit. All nonexempt earnings withheld pursuant to the Writ shall be transferred to Judgment Creditors' counsel's trust account.

**IT IS FURTHER ORDERED** entering this disposition order in favor of Judgment Creditors to Garnishee Comerica Bank (Doc. 81) and directing Garnishee Comerica Bank to release the withheld funds to Judgment Creditors' counsel into counsel's trust account.

**IT IS FURTHER ORDERED** that Comerica Bank, once it has released the withheld funds to Judgment Creditors' counsel's trust account, shall be dismissed from this case without further order of the Court.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to mail a copy of this Order to Garnishee Comerica Bank.

1   **IT IS FINALLY ORDERED** that Judgment Creditors' counsel shall retain the
2   Comerica Bank funds and the wage garnishment funds in counsel's trust account until the
3   mandate from the Court of Appeals issues. At that point, the parties are directed to seek
4   further order of the Court.
5   Dated this 26th day of April, 2022.

Michael T. Liburdi
United States District Judge